# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|                        |   |                         |
|------------------------|---|-------------------------|
|                        | * |                         |
| LAWRENCE LITTLE,       | * |                         |
|                        | * |                         |
| Plaintiff,             | * |                         |
|                        | * |                         |
| v.                     | * | Civil Case No. WDQ-13-1514 |
|                        | * |                         |
| DONALD ESTES, *et al.*,| * |                         |
|                        | * |                         |
| Defendants             | * |                         |
|                        | * |                         |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## REPORT AND RECOMMENDATIONS

This Report and Recommendations addresses the Motion for Default Judgment that Plaintiff, Lawrence Little, filed against Defendants Donald Estes, Herbert Segar, Brandon Chambers, and Cedricot Booth (collectively, "Defendants"). (ECF No. 8). On October 28, 2013, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Quarles referred this case to me to review Plaintiff's Motion for Default Judgment. (ECF No. 11). Because service of process was invalid, I recommend that Plaintiff's Motion be denied.

## BACKGROUND

Plaintiff, a *pro se* litigant, filed his complaint in this Court on May 23, 2013 against the Defendants, who are several Baltimore City Police Officers. [1] (ECF No. 1). Plaintiff claims that the Defendants subjected him to false arrest, and violated his rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. *Id.* On May 28, 2013, this Court granted Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 3). Plaintiff directed the United States Marshals Service to serve each Defendant at the headquarters of the Eastern

---

[1] Plaintiff also named the Eastern District Police Station as a Defendant, but Judge Quarles previously dismissed that party, as it is not an entity subject to suit. *See* (ECF No. 3).

District of the Baltimore City Police Department.  *See* (ECF No. 6); *see also* Fed. R. Civ. P.

4(c)(3) (stating that the court must order the United States Marshal to serve the defendants with

the complaint and summons if the plaintiff is authorized to proceed *in forma pauperis*); Local

Rule 103.2(b) (D. Md. 2011) (stating that the U.S. Marshal may serve process for a party

proceeding *in forma pauperis* without counsel).  The U.S. Marshal served Defendants on June

20, 2013.  (ECF No. 6).  On October 7, 2013, Plaintiff filed a Motion for Entry of Default,

pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, alleging that the Defendants

failed to respond.  (ECF No. 8).  After the Clerk entered default, (ECF No. 10), Plaintiff filed the

instant motion.

**ANALYSIS**

Plaintiff has failed to effect proper service on the Defendants, rendering a default

judgment in Plaintiff's favor improper.  It is unclear from the pleadings whether Plaintiff is suing

the Defendants in their official or individual capacities, or both.  This distinction is relevant to

determining how to properly serve the Defendants.  A suit against a state officer acting in his or

her official capacity is akin to suing the agency for which the officer works.  *See Brandon v.*

*Holt*, 469 U.S. 464, 471, 105 S. Ct. 873, 877, 83 L.Ed.2d 878 (1985); *Kennedy v. Widdowson*,

804 F. Supp. 737, 740 (D. Md. 1992).  If Plaintiff is suing the Defendants in their official

capacities, his suit will be construed as a suit against the Police Department of Baltimore City.[2]

Rule 4 of the Federal Rules of Civil Procedure provides that state agencies must be served by

either delivering a copy of the summons and the complaint to its chief executive officer, or by

---

[2] The Police Department of Baltimore City is considered to be an agency of the State of Maryland, and
not a municipal agency.  *See Houghton v. Forrest*, 412 Md. 578, 588, 989 A.2d 223, 229 (2010);
*Baltimore Police Dep't v. Cherkes*, 140 Md. App. 282, 303, 780 A.2d 410, 422 (Md. Ct. Spec. App.
2001).  Maryland law, therefore, requires that service of process on the Police Department of Baltimore
City be served in the same manner as service on an agency of the state.  Md. Code Ann. Cts. & Jud. Proc.
§ 6-308.

serving a copy of each in accordance with the procedures prescribed by state law.  Fed. R. Civ. P. 4(j)(2).  In Maryland, service on an officer or state agency can be effected (1) by serving the resident agent designated by the officer or the agency; or (2) by serving the state Attorney General or an individual designated by the Attorney General in a writing filed with the Clerk of the Maryland Court of Appeals.  Md. Rule 2-124(k).  Here, if suing the Defendants in their official capacities, Plaintiff should have served the Maryland Attorney General, and his attempt to serve the Defendants at the Eastern District Police Department headquarters was ineffective.

Service was also ineffective if Plaintiff intended to sue the Defendants in their individual capacities.  Rule 4 of the Federal Rules of Civil Procedure provides that an individual may be served by (1) delivering a copy of the summons and the complaint to the individual personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode or; (3) delivering a copy of each to an agent authorized to receive service of process for the individual.  *See* Fed. R. Civ. P. 4(e)(2).  Under Maryland law, an individual may also be personally served by mailing a copy of the summons, complaint and all other papers filed with it by certified mail requesting: "Restricted Delivery – show to whom, date, address of delivery."  Md. Rule 2-121(a).  When service is made by certified mail, the individual making service of process must file with the court, the original return receipt, bearing the defendant's signature, or an authorized agent's signature, as proof of service.  Md. Rule 2-126(a).  Here, Plaintiff did not personally serve the Defendants.  Rather, Plaintiff attempted service by mailing the summons and complaint to the station in which the Defendants worked.  The return receipts all appear to be signed by the same person, whose signature is illegible, and the receipts indicate that restricted delivery was not requested.  *See* (ECF No. 6).  Generally, serving a person unauthorized to accept service, at the defendant's place of employment, is not effective under Rule 4(e)(2).  *See e.g.*, *Tann v. Fisher*,

276 F.R.D. 190, 191-93 (D. Md. 2011) (finding insufficient service of process where a mail pick-up driver received a summons for the defendant, a university police officer); *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003) (finding that the plaintiff failed to effect legal service of process by serving the police department's attorney and not the defendant-police officer, personally). Defendants, therefore, were not properly served in their individual capacities.

Courts will forego strict compliance with the technical rules of service, pursuant to Rule 4, where a defendant had actual notice of the pending suit. *See Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963) ("where actual notice of the commencement of the action and the duty to defend has been received by the one served, the provisions of Rule 4(d)(1) should be liberally construed to effectuate service and uphold the jurisdiction of the court…"); *see also Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). There is no evidence of actual notice in this case. In fact, given that all Defendants have failed to respond to the pleadings, it is more likely that they are not aware that a suit against them has been filed.

"It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant." *Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996). Given Plaintiff's failure to effectively serve the Defendants, I recommend that the Court deny Plaintiff's Motion for Default Judgment.

Although default judgment is not appropriate at this time, the Court must decide whether to dismiss the case without prejudice, or to extend the time for service of process. The Federal Rules of Civil Procedure allow a plaintiff 120 days to properly serve a defendant after a complaint is filed. *See* Fed. R. Civ. P. 4(m). If a defendant is not served within that period, Rule 4(m) requires a court—on motion, or on its own, after notice to the Plaintiff, to "dismiss the

action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Here, Plaintiff filed his Complaint on May 23, 2013, and his time for serving the Defendants expired on September 20, 2013.  The Defendants have not responded to the present action.  Therefore, to date, Plaintiff has not received notice that his attempt to serve the Defendants was defective.   I therefore recommend that this Court issue an order requiring Plaintiff to show cause as to why the Complaint should not be dismissed without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[3]  That order will fulfill the notice requirement of Rule 4(m).

**Conclusion**

For the reasons set forth above, I recommend that the Court DENY Plaintiff's Motion for Entry of Default Judgment and ORDER Plaintiff to show cause as to why the Complaint should not be dismissed without prejudice.  I also direct the Clerk to mail a copy of this Report and

---

[3] Good cause "requires a showing that the plaintiff 'made reasonable and diligent efforts to effect service prior to the 120-day limit, which may include a showing that plaintiff's attempts at service were unsuccessful due to a putative defendant's evasion of process.' " *Hai Xu v. FMS Fin. Solutions, LLC*, No. ELH-10-3196, 2011 WL 2144592, at *2 n.3 (D. Md. May 31, 2011) (quoting *Quann v. Whitegate-Edgewater*, 112 F.R.D. 649, 659 (D. Md. 1986)).   If good cause is absent, this Court will need to determine whether it has the discretion to extend the 120-day period for service.  The Fourth Circuit has stated that a plaintiff must demonstrate good cause before an extension of time for service may be granted, *see Mendez v. Elliot*, 45 F.3d 76, 80 (4th Cir. 1995).  However, the *Mendez* decision is contrary to the Advisory Committee's Notes interpreting Rule 4, and dicta in a Supreme Court opinion.  *See* Fed. R. Civ. P. 4(m) advisory committee's note (1993); *Henderson v. United States*, 517 U.S. 654, 663, 116 S. Ct. 1638, 1644 (1996).  Some courts in this circuit have adhered to *Mendez, see e.g., Chen v. Mayor & City Council of Baltimore*, No. GLR-11-3227, 2013 WL 680597, at *3 (D. Md. Feb. 22, 2013); *Tann*, 276 F.R.D. at 196; *Tenenbaum v. PNC Bank Nat'l. Ass'n.*, No. DKC-10-2215, 2011 WL 2038550, at *4 (D. Md. May 24, 2011); *Burns & Russell Co. v. Oldcastle, Inc.*, 166 F. Supp. 2d 432, 439 n.7 (D. Md. 2011), while others have found it unnecessary to resolve whether good cause must be found before an extension can be granted.  *See Lerner v. CVS Pharmacy*, No. RWT-08-1170, 2010 WL 610755, at *2 (D. Md. Feb. 17, 2010); *Knott v. Atl. Bingo Supply, Inc.*, No. JFM-05-1747, at *3 n.1 (D. Md. Dec. 22, 2005); *Uzoukwu v. Prince George's Cmty. Coll. Bd. Trs.*, No. DKC-12-3228, 2013 WL 3072373, at *3 (D. Md. June 17, 2013).

Recommendations to Plaintiff at the address listed on the Complaint, and to the Defendants at the address for the Maryland Attorney General, 200 St. Paul Place, Baltimore, MD 21202.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.


Dated:  November 5, 2013                                     /s/
                                                    Stephanie A. Gallagher
                                                    United States Magistrate Judge