IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

LAWRENCE LITTLE,     *

    Plaintiff,     *

    v.     *     CIVIL NO.: WDQ-13-1514

EASTERN DISTRICT POLICE
STATION, et al.     *

    Defendants.     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Lawrence Little (the "Plaintiff"), sued the "Eastern District Police Station" in Baltimore City, Donal Estes, Herbert Segar, Brandon Chambers, and Cedricot Booth (collectively the "Defendants"), for false arrest and related violations of his constitutional rights. Pending are the Plaintiff's motion to amend his complaint, and the Plaintiff's objection to the Magistrate Judge's Report & Recommendation (R&R) on the Plaintiff's motion for default judgment. For the following reasons, the Plaintiff's motion to amend the complaint will be granted. The Plaintiff's objection will be overruled, and the Plaintiff's motion for default judgment will be denied. The Plaintiff will be ordered to show good cause within 14 days why the complaint should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

I.  Background

The Plaintiff alleges that several police officers arrested him based on false statements that he had been captured on camera purchasing narcotics. ECF No. 1 at 2. On May 23, 2013, the Plaintiff brought suit *pro se* against the "Eastern District Police Station" and several police officers.[1] On May 23, 2013, the Plaintiff also moved for leave to proceed *in forma pauperis*. ECF No. 2.

On May 28, 2013, the Court granted the Plaintiff's motion to proceed *in forma pauperis*. ECF No. 3. In the May 28, 2013 order, the Court also dismissed the claims against the "Eastern District Police Station" because it is not an entity subject to suit. ECF No. 3 at 1. The Court directed the Clerk to mail four copies of the U.S. Marshal service of process form to the Plaintiff to complete and return within 21 days. *Id.* The May 28, 2013 order also provided that: "The U.S. Marshal IS DIRECTED to effectuate service of process on the Defendants at the addresses provided by the Plaintiff on the service form once they [are] returned. If the U.S. Marshal intends to effect service by mail, it shall do so by **CERTIFIED MAIL, RESTRICTED DELIVERY**." ECF No. 3 at 2 (emphasis in original).

---

[1] Donal Estes, Herbert Segar, Brandon Chambers, and Cedricot Booth. ECF No. 1 at 1.

On May 30, 2013, the Plaintiff moved for leave to amend the complaint.[2] On May 30, 2013, the Plaintiff also returned the U.S. Marshal service of process forms, directing the U.S. Marshal to serve each Defendant at the headquarters of the Eastern District of the Baltimore Police Department. See ECF No. 5-1. On June 20, 2013, the Marshal served the Defendants by certified mail at the address provided by the Plaintiff. ECF No. 6. On October 7, 2013, the Plaintiff moved for default judgment. ECF No. 8. On October 28, 2013, the motion for default judgment was referred to U.S. Magistrate Judge Stephanie A. Gallagher. ECF No. 11. On November 5, 2013, the Magistrate Judge issued an R&R recommending that the Plaintiff's motion for default judgment be denied because the Plaintiff failed to effectively serve the Defendants. ECF No. 12 at 4. Judge Gallagher also recommended that the Court order the Plaintiff to show good cause why the complaint should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). Id. at 5. On November 19, 2013, the Plaintiff objected to the R&R. ECF No. 14.

---

[2] The proposed amended complaint appears to allege claims for defamation, libel, violation of his Fourth and Fifth Amendment rights under § 1983, false imprisonment, negligence, and intentional infliction of emotional distress. ECF No. 4.

II. Analysis

   A. Default Judgment

   1. Legal Standard

Under the Magistrate Judges Act, 28 U.S.C. § 636, a district judge may designate a magistrate judge to conduct hearings and report proposed findings of fact and recommendations for action on a dispositive motion. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); *see also* Local Rule 301.5(b) (D. Md. 2011). A motion for default judgment is a dispositive motion for purposes of the Magistrate Judges Act. *See Callier v. Gray*, 167 F.3d 977, 980-82 (6th Cir. 1999); *see also* Local Rule 301.6.al. (D. Md. 2011).

A party aggrieved by a magistrate judge's R&R on a dispositive motion must file "specific written objections to the proposed findings and recommendations" within 14 days. Fed. R. Civ. P. 72(b)(2). The reviewing judge "shall make a *de novo* determination of those portions of the [magistrate judge's] report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations," and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Under Fed. R. Civ. P. 55(b)(2), the Court may enter a default judgment against a properly served defendant who fails

4

to file a timely responsive pleading. In reviewing a motion for entry of a default judgment, the plaintiff's well-pled allegations about liability are accepted as true. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001). The entry of a default judgment is left to the court's discretion, and the Fourth Circuit has a "strong policy" that "cases be decided on the merits." *Dow v. Jones*, 232 F. Supp. 2d 491, 494-95 (*citing United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)).

2. Sufficiency of Service of Process

Although it is unclear from the complaint in what capacity the Plaintiff is suing the Defendants, the Plaintiff asserts in his opposition that he is bringing suit against the Defendants in both their official and individual capacities. ECF No. 14 at 3. The Defendants are officers of the Police Department of Baltimore City, which is an agency of the State of Maryland.[3] A suit against a state officer in his official capacity "is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Under Fed. R. Civ. P. 4(j)(2), a state organization must be served by delivering a copy of the summons and complaint to its chief

---

[3] *See Baltimore Police Dep't v. Cherkes*, 140 Md. App. 282, 303 (Md. Ct. Spec. App. 2001) ("[T]he General Assembly made the BCPD a State agency, and designated its official and officers as State officers.").

5

executive officer, or by serving a copy of each in the manner prescribed by that state's service of process law. Fed. R. Civ. P. 4(j)(2). Under Maryland law, service on an officer of a state agency must be made by serving: "(1) the resident agent designated by the officer or agency, or (2) the Attorney General or an individual designated by the Attorney General in writing filed with the Clerk of the Court of Appeals." Md. Rule 2-214(k). Here, the Plaintiff did not serve the Attorney General, or a designated resident agent of officers of the Baltimore City Police Department.

Under Fed. R. Civ. P. 4(e)(1), an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[4] In Maryland, service on an individual may be made by mailing a copy of the summons and complaint by certified mail requesting "Restricted Delivery -- show to whom, date, address of

---

[4] Fed. R. Civ. P. 4(e)(2). Under Rule 4(e)(2), an individual may also be served by:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agency authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).

delivery." Md. Rule 2-121(a)(3). Here, the Plaintiff attempted to serve the Defendants at their place of employment. The return receipts indicate that they were delivered by certified mail, but they were not designated as "Restricted Delivery." *See* ECF No. 6. The receipts appear to be signed by the same person, whose signature is illegible, and there is no indication that the signer is authorized to accept service for the Defendants. *See id.* Service by certified mail, not designated for "Restricted Delivery," to an unauthorized agent at a Defendant's workplace is not sufficient.[5] Accordingly, the Plaintiff has not properly served the Defendants in either their individual or official capacities. Although a court may liberally construe Rule 4 to effectuate service when the service of process gives a defendant actual notice of the pending action, considering the Defendants' failure to respond,[6] there is no indication that the Defendants have actual notice of the suit against them. The objection will be overruled, and the R&R will

---

[5] *See* Fed. R. Civ. P. 4(e); Md. Rule 2-121(a); *Tann v. Fisher*, 276 F.R.D. 190, 192 (D. Md. 2011) (plaintiff did not properly effect service when U.S. Marshal delivered service to unauthorized agent at defendant's place of employment).

[6] *See O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006) ("When there is actual notice, failure to strictly comply with Rule 4 may not invalidate the service of process; however, plain requirements for the means of effecting service of process may not be ignored.").

be adopted. The Plaintiff's motion for default judgment will be denied.

B. Disposition of the Case

Under Fed. R. Civ. P. 4(m), if the plaintiff does not serve the defendant within 120 days after filing the complaint,

> [T]he court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service by made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The Plaintiff filed his complaint on May 23, 2013, and the 120-day period for serving the Defendants expired on September 20, 2013. As discussed above, *supra* Part II.A.2., the Plaintiff has not properly served the Defendants. The Court will order the Plaintiff to show good cause within 14 days why the complaint should not be dismissed without prejudice under Rule 4(m).

C. The Plaintiff's Motion to Amend

Under Fed. R. Civ. P. 15(a)(1), a party may amend its pleading once as a matter of course within 21 days after serving it. On May 23, 2013, the Plaintiff filed his complaint. ECF No. 1. On May 30, 2013, the Plaintiff moved to amend and supplement his complaint. ECF No. 4. Because the Plaintiff has yet to properly serve the complaint, *supra* Part II.A.2., the

Plaintiff's motion to amend will be granted as of right under Rule 15(a)(1).

III. Conclusion

For the reasons stated above, the Plaintiff's motion to amend the complaint will be granted. The Plaintiff's objection will be overruled, and the Plaintiff's motion for default judgment will be denied. The Plaintiff will be ordered to show good cause within 14 days why the complaint should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

_1/17/14_
Date

_/s/ William D. Quarles, Jr._
William D. Quarles, Jr.
United States District Judge