IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

LAWRENCE LITTLE,

  Plaintiff,

  v.        CIVIL NO.: WDQ-13-1514

EASTERN DISTRICT POLICE
STATION, *et al.*

  Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

  Lawrence Little (the "Plaintiff"), sued the "Eastern District Police Station" in Baltimore City, Donal Estes, Herbert Segar, Brandon Chambers, and Cedricot Booth (collectively the "Defendants"), for false arrest and related violations of his constitutional rights. The Court ordered the Plaintiff to show good cause within 14 days why the complaint should not be dismissed without prejudice for failure to provide service within 120 days pursuant to Fed. R. Civ. P. 4(m). For the following reasons, the complaint will not be dismissed, and the Plaintiff will be given 60 days to provide proof of service.

I. Background

  On May 23, 2013, the Plaintiff brought suit *pro se* against the "Eastern District Police Station" and several police

officers.[1] On May 28, 2013, the Court granted the Plaintiff's motion to proceed *in forma pauperis*. ECF No. 3. The Court directed the Clerk to mail four copies of the U.S. Marshal service of process form to the Plaintiff to complete and return within 21 days. *Id.* The May 28, 2013 order also provided that: "The U.S. Marshal IS DIRECTED to effectuate service of process on the Defendants at the addresses provided by the Plaintiff on the service form once they [are] returned. If the U.S. Marshal intends to effect service by mail, it shall do so by **CERTIFIED MAIL, RESTRICTED DELIVERY**." ECF No. 3 at 2 (emphasis in original). On May 30, 2013, the Plaintiff returned the U.S. Marshal service of process forms, directing the U.S. Marshal to serve each Defendant at the headquarters of the Eastern District of the Baltimore Police Department. *See* ECF No. 5-1. On June 20, 2013, the Marshal served the Defendants by certified mail at the address provided by the Plaintiff. ECF No. 6.

On January 22, 2014, the Court adopted Magistrate Judge Stephanie Gallagher's R&R which recommended denying the Plaintiff's motion for default judgment because he had failed to effectively serve the Defendants. ECF Nos. 15, 16. The Court ordered the Plaintiff to show cause within 14 days why the

---

[1] Donal Estes, Herbert Segar, Brandon Chambers, and Cedricot Booth. ECF No. 1 at 1. The claims against the "Eastern District Police Station" were dismissed because it is not an entity subject to suit. ECF No. 3 at 1.

complaint should not be dismissed pursuant to Rule 4(m). *Id.*

On February 6, 2014, the Plaintiff responded. ECF No. 17.

II. Analysis

    A. Good Cause to Extend Time for Service

    Under Rule 4(m), if the plaintiff does not serve the defendant within 120 days after filing the complaint,

> [T]he court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service by made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The Plaintiff clarifies in his response to show good cause that he is suing the Defendants in their individual capacities. ECF No. 17 at 3, 4. Under Fed. R. Civ. P. 4(e)(1), an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[2] In Maryland, service on an individual

---

[2] Fed. R. Civ. P. 4(e)(2). Under Rule 4(e)(2), an individual may also be served by:

    (A) delivering a copy of the summons and of the complaint to the individual personally;
    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
    (C) delivering a copy of each to an agency authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).

3

may be made by mailing a copy of the summons and complaint by certified mail requesting "Restricted Delivery -- show to whom, date, address of delivery." Md. Rule 2-121(a)(3).

Here, the Plaintiff attempted to serve the Defendants through the U.S. Marshal by providing service of process forms. See ECF No. 5-1. The Plaintiff correctly completed the forms by providing the name of each Defendant and the address of the police department where each works.[3] However, the return receipts indicate that they were delivered by certified mail, but they were not designated as "Restricted Delivery." See ECF No. 6. The receipts appear to be signed by the same person, whose signature is illegible, and there is no indication that the signer was authorized to accept service for the Defendants. See id. Accordingly, although the U.S. Marshal attempted to effect service, the service was not proper under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4(e); Md. Rule 2-121(a)(3).

---

[3] See ECF No. 5-1. Cf. Tann v. Fisher, 276 F.R.D. 190, 193-94 (D. Md. 2011) (plaintiff did not show good cause for failure to properly serve the defendant even though he relied on the U.S. Marshals for service when he improperly filled out the service form).
  Although the Plaintiff indicated on the form that he had been notified that Estes no longer worked out of the Eastern District Police Station, the Plaintiff also provided the name and address of Estes's last known attorney in an effort to effectuate service. See ECF No. 5-1 at 1.

4

The Plaintiff filed his complaint on May 23, 2013, and the 120-day period for serving the Defendants expired on September 20, 2013. Although service was not properly effected, dismissal of the complaint is not appropriate because the Plaintiff has demonstrated good cause for failing to meet the deadline. If a plaintiff is authorized to proceed in forma pauperis, the court must order service to be made by the U.S. Marshal. Fed. R. Civ. P. 4(c)(3). Here, the Court directed the U.S. Marshal to effectuate service. See ECF No. 3. The Plaintiff was entitled to rely on the U.S. Marshal to properly serve the summons to the person and address indicated on each service form.[4] There is no indication that the Plaintiff was aware the Defendants had not been served, or that he was otherwise dilatory in his efforts to effectuate service.[5] Because the Plaintiff has shown good cause for failing to serve the Defendants within the 120-day period,

---

[4] See McCreary v. Vaughan-Bassett Furniture Co., Inc., 412 F. Supp. 2d 535, 538-39 (M.D.N.C. 2005) (holding plaintiff's complaint should not be dismissed when U.S. Marshal served the summons at a post office box rather than the address indicated on the summons); Puett v. Blandford, 912 F.2d 270, 274-75 (9th Cir. 1990) (holding that the plaintiff proceeding in forma pauperis "is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service.").

[5] Cf. Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987) (affirming dismissal of claim when plaintiff was aware that the defendant had not been served by the U.S. Marshal and failed to request proper service).

dismissal of his complaint would not be proper under Rule 4(m). The Court will extend the time for service and order the Plaintiff to provide proof of service within 60 days.

III. Conclusion

For the reasons stated above, the complaint will not be dismissed, and the Plaintiff will be given 60 days to provide proof of service.

\_\_\_4/1/14_____  \_\_\_\_/s/_____
Date                              William D. Quarles, Jr.
                                  United States District Judge