IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| LAWRENCE LITTLE, | * |
| Plaintiff, | * |
| v. | * |
| DONAL ESTES, *et al.*, | *   CIVIL NO.: WDQ-13-1514 |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Lawrence Little (the "Plaintiff"), *pro se*, sued Donald Estes,[1] Herbert Segar, Brandon Chambers, and Cedric Booth[2] (collectively the "Defendants"), for false arrest and related violations of his constitutional rights.  Pending is the Defendants' motion to dismiss, or, in the alternative, summary judgment.  No hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2011).  For the following reasons, the Defendants' motion, construed as a motion to dismiss, will be granted.

---

[1] In the complaint, the Plaintiff refers to Donald Estes as "Donal Estes."  ECF No. 1 at 1.

[2] In the complaint, the Plaintiff refers to Cedric Booth as "Cedricot Booth."  ECF No. 1 at 1.

I.  Background[3]

    A. Procedural History of Federal Suit

    On May 23, 2013, the Plaintiff sued the Defendants for
false arrest and related violations of his constitutional
rights.  ECF No. 1.  The Plaintiff alleged that on February 27,
2012, several police officers arrested him based on false
statements that he had been video recorded buying narcotics.
ECF No. 1 at 2.

    On May 23, 2013, the Plaintiff moved for leave to proceed
*in forma pauperis*.  ECF No. 2.  On May 28, 2013, the Court
granted the Plaintiff's motion to proceed *in forma pauperis*.
ECF No. 3.  In the May 28, 2013 order, the Court also dismissed
the claims against the "Eastern District Police Station" because
it is not an entity subject to suit.  ECF No. 3 at 1.  The Court
directed the Clerk to mail four copies of the U.S. Marshal
service of process form to the Plaintiff to complete and return
within 21 days.  *Id.*  The May 28, 2013 order also provided that:
"The U.S. Marshal IS DIRECTED to effectuate service of process
on the Defendants at the addresses provided by [the Plaintiff]

---

[3] On a motion to dismiss, the well-pled allegations in the
complaint are accepted as true.  *Brockington v. Boykins*, 637
F.3d 503, 505 (4th Cir. 2011).  The Court may consider the
pleadings, matters of public record, and documents attached to
the motions that are integral to the complaint and whose
authenticity is not disputed.  *See Philips v. Pitt Cnty. Mem'l
Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

on the service form once they [are] returned.  If the U.S.

Marshal intends to effect service by mail, it shall do so by

**CERTIFIED MAIL, RESTRICTED DELIVERY**."  ECF No. 3 at 2 (emphasis

in original).

On May 30, 2013, the Plaintiff moved for leave to amend the

complaint.[4]  On May 30, 2013, the Plaintiff also returned the

U.S. Marshal service of process forms, directing the U.S.

Marshal to serve each Defendant at the headquarters of the

Eastern District of the Baltimore Police Department.  *See* ECF

No. 5-1.  On June 20, 2013, the Marshal served the Defendants by

certified mail at the address provided by the Plaintiff.  ECF

No. 6.

On October 7, 2013, the Plaintiff moved for default

judgment.  ECF No. 8.  On January 22, 2014, the Court denied the

Plaintiff's motion for default judgment because he had failed to

properly serve the Defendants, and ordered the Plaintiff to show

good cause why the complaint should not be dismissed.  ECF Nos.

15-16.  On February 6, 2014, the Plaintiff responded to the

Court's order.  ECF No. 17.  On April 1, 2014, the Court ordered

new service of process.  ECF Nos. 18-19.

---

[4] The amended complaint alleged claims for defamation, libel,
violation of his Fourth and Fifth Amendment rights under § 1983,
false imprisonment, negligence, and intentional infliction of
emotional distress.  ECF No. 4.

On April 14, 2014, summonses were returned executed as
served on Booth, Chambers, and Segar.  ECF No. 21.  Their
answers were due on May 1, 2014.  *Id*.  The summons for Estes was
returned unexecuted.  ECF No. 22.  On May 6, 2014, the Plaintiff
moved for default judgment.  ECF No. 24.

On May 30, 2014, the Defendants, including Estes, filed a
motion to dismiss for failure to state a claim or, in the
alternative, summary judgment.  ECF No. 26.  The Defendants
asserted that the Plaintiff's claims were barred by *res judicata*
because he had previously filed three complaints in the District
Court of Maryland for Baltimore City.  ECF No. 26-1 at 1-2.  On
June 11, 2014, the Plaintiff opposed the motion.  ECF No. 33.
The Plaintiff asserted that he had voluntarily dismissed the
state court actions in order to file in federal court.  *Id*.  On
June 16, 2014, the Defendants replied.  ECF No. 35.[5]  On June 30,
2014, the Plaintiff moved for leave to file a surreply.  ECF No.
37.

On December 16, 2014, the Court granted the Plaintiff's
motion to file a surreply, denied his motion for entry of
default, and ordered the parties to supplement the motion to
dismiss "informing the Court of the nature and content of [the
state court proceeding], including whether a merits

---

[5] The Defendants argued that although one of the state court
cases was voluntarily dismissed, the other two were dismissed
with prejudice.  *See* ECF No. 35.

4

determination was made." ECF No. 39.  On December 22, 2014, the Defendants filed their supplemental brief, including a recording of the state court proceeding.  ECF No. 41.  On December 29, 2014, the Plaintiff submitted his response, in which he continued to maintain that there had been no state court hearing and that he had voluntarily dismissed the case.  ECF No. 42.

B. The State Court Proceedings

On February 27, 2013, the Plaintiff filed three cases in the District Court of Maryland for Baltimore City against the Defendants.[6]  *See* ECF Nos. 26-2; 26-3; 26-4.  The three cases were numbered 5213-2013, 5214-2013, and 5215-2013.  *Id.*  On May 3, 2013, the Defendants moved to consolidate 5213-2013 and 5214-2013.  ECF No. 26-4.  The district court granted the motion.  *Id.*  On May 6, 2013, the separate court proceeding for 5213-2013 set for July 10, 2013 was cancelled.  ECF No. 33-1 at 10.  On the same day, the court sent a reminder to the parties about the proceedings for 5214-2013 set for July 10, 2013.[7]  ECF No. 35-2 at 1.

---

[6] The Plaintiff mistakenly believed that he needed to fill out a complaint form for each officer even though he named all the officers in each complaint, and each complaint contained identical factual assertions.  *See* ECF No. 33 at 1-2.

[7] The Plaintiff apparently was confused and believed that both proceedings set for July 10, 2013 were cancelled, rather than consolidated.  *See* ECF No. 33 at 1-2.  The Plaintiff continues to maintain that there was no proceeding on July 10, 2013

On June 17, 2013, the district court dismissed case 5215-2013 at the Plaintiff's request.  ECF No. 26-6.  In his motion to voluntarily dismiss, the Plaintiff stated that he wanted the case to be dismissed "without prejudice" so that he could file his claims in this Court.  ECF No. 33-1 at 8.[8]  The Plaintiff mistakenly believed that he had dismissed all state court suits rather than simply case 5215-2013.  *See, e.g.*, ECF No. 42 at 2-3.

On July 10, 2013, the Honorable Jennifer Etheridge called for cases 5213-2013 and 5214-2013 at 2:02 pm.  *See* ECF No. 41-4 (recording of proceedings).  Judge Etheridge repeatedly called for the Plaintiff who did not appear.  *Id.* at 2:03:01.  Chaz Ball entered his appearance on behalf of the Defendants, and Lauren Seldomridge was present representing the Baltimore Police Department.  *Id.* at 2:03:18.

Judge Etheridge dismissed the claims against each of the Defendants in 5213-2013 for failure to appear.  *Id.* at 2:03:20-2:04:24.  Counsel did not object.  *Id.*  When Judge Etheridge moved on to dismiss the claims in 5214-2013, Seldomridge requested that all the claims against the Baltimore Police

---

because he dismissed his case and it was no longer before the state court.  *See* ECF No. 42 at 2-3.

[8] The Defendants maintain that they never received any of the Plaintiff's filings in 5215-2013 because the Plaintiff failed to include a proper suite number in the Defendants' address.  *See* ECF No. 35 at 2.

Department be dismissed with prejudice, and Ball asked for the same on behalf of the Defendants. *Id.* at 2:05:30-2:05:48.

In response to these requests, Judge Etheridge stated, "Tell me a little bit more about why this should be with prejudice as opposed to without." *Id.* at 2:05:58. Seldomridge explained that the police department had filed a motion to dismiss because of the state's sovereign immunity, and that the Plaintiff had failed to comply with the notice requirements of the Local Government Tort Claims Act ("LGTCA").[9] *Id.* at 2:06:00-

---

[9] Under the LGTCA, "an action for unliquidated damages may not be brought against a local government or its employees unless the notice of the claim required by this section is given within 180 days after the injury." Cts. & Jud. Proc. § 5-304(b)(1). The notice provision is a condition precedent to maintaining an action for damages against a local government or its employees. *Bibum v. Prince George's Cnty.*, 85 F. Supp. 2d 557, 564 (D. Md. 2000) (citing *Grubbs v. Prince George's Cnty.*, 297 A.2d 754, 755-56 (Md. 1972)). Thus, compliance with the provision should be alleged in the complaint as a substantive element of the cause of action. *Hansen v. City of Laurel*, 25 A.3d 122, 131 (Md. 2011); *Madore v. Balt. Cnty.*, 367 A.2d 54, 56 (Md. Ct. Spec. App. 1976). However, the notice requirement may be waived if the plaintiff can show good cause for failure to comply, *and* if the defendant cannot demonstrate prejudice therefrom. Cts. & Jud. Proc. § 5-304(d).

"Courts have accepted 'substantial compliance' in lieu of technical compliance if the plaintiff fulfills the purpose of the statute by apprising the proper local officials that plaintiff is pursuing a claim." *Carter v. Jess*, 179 F. Supp. 2d 534, 541 (D. Md. 2001). "The purpose of the statute clearly would seem to be to have the claimant furnish the municipal body with sufficient information to permit it to make an investigation in due time, sufficient to ascertain the character and extent of the injury and its responsibility in connection with it." *Jackson v. Bd. of Cnty. Comm'rs of Anne Arundel Cnty.*, 195 A.2d 693, 695 (Md. 1963). Thus, "[t]here must be some effort to provide the requisite notice and, in fact, it must be provided,

2:07:50.  Ball asserted that the LGTCA also applied to the claims against the police officers as employees of the police department.  *Id*.

Judge Etheridge confirmed that the alleged events in the complaint occurred on February 27, 2012 and the cases were filed on February 27, 2013.  *Id*. at 2:07:52.  Then, Judge Etheridge stated, "So . . . alright," and requested to have the file for 5213-2013 returned.  *Id*.  Judge Etheridge dismissed all claims in 5213-2013 and 5214-2013 with prejudice.[10]  *Id*. at 2:08:05-2:08:32.

## II.  Motion to Dismiss

### A. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

---

albeit not in strict compliance with the statutory provision." *Moore v. Norouzi*, 807 A.2d 632, 643 (Md. 2002).

The Plaintiff responded to the police department's motion to dismiss by asserting that he "ha[d] not prejudice[d] the defendants nor harmed their preparation for the[] case."  ECF No. 41-3 (The Plaintiff's filing in 5214-2013).

[10] Judge Etheridge noted that 5215-2013 was dismissed without prejudice on the Plaintiff's request.  ECF No. 41-4 at 2:09:08.

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

B. The Defendants' Motion to Dismiss

The Defendants have argued that the Plaintiff's claims are barred by *res judicata* because the state court cases were dismissed with prejudice. ECF No. 26-1 at 1-2. The Plaintiff contends that his claims are not barred because he voluntarily dismissed his state court claims. ECF No. 33.

*Res judicata*, or claim preclusion, bars relitigation of a claim that was decided or could have been decided in the original suit. *Anyanwutaku v. Fleet Mortgage Group, Inc.*, 85 F. Supp. 2d 566, 570 (D. Md. 2000); *see also Anne Arundel County Bd. of Educ. V. Norville*, 390 Md. 93, 887 A.2d 1029, 1037 (Md. 2005). "Generally, the preclusive effect of a judgment rendered in state court is determined by the law of the state in which the judgment was rendered." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008). In Maryland, *res judicata* applies when (1) the present parties are the same or in privity with the parties to the earlier dispute,[11] (2) the claim presented is identical to the one determined in the prior adjudication, and (3) there has been a final judgment on the merits. *Norville*, 887 A.2d at 1037. The purpose of *res judicata* is to avoid "the expense and vexation attending multiple lawsuits, conserve[] judicial resources, and foster[]

---

[11] Here, the parties in both cases were identical. Thus, this element is satisfied.

reliance on judicial action by minimizing the possibilities of inconsistent decisions." *Murray Int'l Freight Corp. v. Graham*, 315 Md. 543, 555 A.2d 502, 503-04 (Md. 1989) (internal quotation omitted).

Maryland uses the transaction test to determine when a claim is "identical" for *res judicata*. *Laurel Sand & Gravel*, 519 F.3d at 162. Claims are part of the same cause of action when they arise from the same transaction or series of transactions. *Id.* To determine whether claims arise from the same transaction, courts consider "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Restatement (Second) of Judgments § 24(2) (1982).[12] Because all the Plaintiff's claims concern a single set of alleged events that occurred on February 27, 2012 they are transactionally related and could have been raised in the state court proceedings.

"[U]nder Maryland law, a dismissal 'with prejudice' qualifies as an adjudication 'on the merits' and thus satisfies

---

[12] *See also Kent County Bd. of Educ. v. John R. Bilbrough, Jr.*, 309 Md. 487, 525 A.2d 232, 237 (Md. 1987) ("The present trend is to see claim in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff.").

that requirement of res judicata." *Church v. Maryland*, 180 F. Supp. 2d 708, 748 (citing *Wooddy v. Wooddy,* 309 A.2d 754, 758 (Md. 1973)); *see also Fether v. Frederick Cnty*, No. CCB 12-1674, 2013 WL 1314190, at *4-5 (D. Md. Mar. 29, 2013).

In this case, Judge Etheridge dismissed the state claims against the Defendants "with prejudice" because the Plaintiff had failed to comply with the notice requirement of the LGTCA.

Although the Court understands the Plaintiff's confusion about his voluntary dismissal of 5215-2013 and that the consolidated July 10, 2013 proceedings prevented him from presenting his arguments, it does not negate the binding effect of the proceedings on this Court.  As all three elements of *res judicata* are present, the District Court of Maryland for Baltimore City's judgment in 5213-2013 and 5214-2013 have preclusive effect and bar litigation of the claims raised by the Plaintiff in this case.[13]  Accordingly, the Defendants' motion to dismiss will be granted.

---

[13] *See Anyanwutaku*, 85 F. Supp. 2d at 572 ("res judicata preclude[s] suits whe[n] lender liability claims could have been asserted as counterclaims in a foreclosure proceeding") (collecting cases).

III. Conclusion

For the reasons stated above, the Defendants' motion to dismiss will be granted.


_2/24/15_
Date

_____
William D. Quarles, Jr.
United States District Judge

13